UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CORNELL DOWDY,             )
                                  )
     Plaintiff,              )
                                  )
       v.                )     CAUSE NO:  1:19-CV-0900
                                  )
AMERICAN TIRE DISTRIBUTORS,INC., )
                                  )
     Defendant.          )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Cornell Dowdy, hereinafter Mr. Dowdy, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, American Tire Distributors, Inc., hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101<u>et seq.</u>, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 <u>et seq.</u> ("ADEA"), Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973), and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division. Therefore, venue is proper within this District and

Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this

Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367.

Jurisdiction is proper as the state law claims arise out of the same transaction or

occurrence that is the subject matter of the federal claims in this Complaint. Accordingly,

justice and judicial economy require that this Court assert supplemental jurisdiction over

the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Dowdy, is a male citizen of the United States, and is a qualified

employee with a disability as defined in 42 U.S.C. 12102 (ADA).

5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

6. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of

State.

## ADMINISTRATIVE PROCEDURES

7. On or about July 19, 2018, Mr. Dowdy filed charges of Disability Discrimination,

Retaliation for asserting his rights under the ADA, retaliation for seeking worker's

compensation benefits and age discrimination against Defendant with the Equal

Employment Opportunity Commission ("EEOC"), Charge Number 470-2018-03672.

8. On or about December 4, 2018, Mr. Dowdy received a Notice of Right to Sue from the

EEOC for Charge Number 470-2018-03672, entitling him to commence action within

ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

10. The Defendant hired Mr. Dowdy on or about October 28, 2015.

11. Throughout his employment with Defendant, Mr. Dowdy met or exceeded Defendant's legitimate expectations of performance.

12. On or about July 19, 2016, Mr. Dowdy sustained a work related injury.

13. Mr. Dowdy was placed off of work due to his injury.

14. On or about February 16, 2018, Mr. Dowdy was released to return to work on light duty with a ten (10) pound weight restriction.

15. Mr. Dowdy's weight was restriction was later modified to a twenty (20) pound weight restriction.

16. The Defendant had Mr. Dowdy perform work outside of his restrictions.

17. The Defendant told Mr. Dowdy that the "job is harder than it has ever been and the old guys can't hang anymore."

18. The plant manager also referred to Mr. Dowdy's younger co-worker and stated that he was "getting too old for this job."

19. On or about March 27, 2018, Mr. Dowdy was told by the Defendant that there was no more light duty available and that Mr. Dowdy's disability would no longer be accommodated.

20. Mr. Dowdy attempted to reach human resources numerous times to inquire about returning to work but no one would return his call.

21. Mr. Dowdy asked the Defendant whether there were other jobs available within his restrictions but no one would respond or communicate with him about what accommodations were available.

22. Mr. Dowdy eventually filed for unemployment after being unable to get a response from the Defendant concerning the status of his employment.

23. Mr. Dowdy's unemployment was granted.

24.

25. The Defendant was on notice that Mr. Dowdy had a disability.

26. The Defendant failed to engage in the interactive process with Mr. Dowdy about his disability and needed accommodations.

27. The Defendant failed to accommodate Mr. Dowdy's disability.

28. The Defendant intentionally discriminated against Mr. Dowdy as a result of his disability.

29. The Defendant intentionally terminated Mr. Dowdy in retaliation for seeking benefits under Indiana's worker's compensation laws.

30. The Defendant discriminated against Mr. Dowdy due to his age.

31. The Defendant treated Mr. Dowdy differently than other younger co-workers.

32. Mr. Dowdy was FMLA eligible.

33. The Defendant failed to inform Mr. Dowdy of his rights and benefits under FMLA.

34. The Defendant failed to provide Mr. Dowdy with proper notices as required under the FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Dowdy, for his first claim for relief against Defendant, states as follows:

35. Mr. Dowdy hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

36. At all times relevant to this action, Mr. Dowdy was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

37. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Dowdy's disability.

38. The Defendant failed to engage in the interactive process with Mr. Dowdy concerning his disability as required by the ADA.

39. The Defendant intentionally and willfully discriminated against Mr. Dowdy because he is disabled and/or because Mr. Dowdy has a record of being disabled and/or because the Defendant regarded Mr. Dowdy as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

40. Defendant's actions were intentional, willful and in reckless disregard of Mr. Dowdy's rights as protected by the ADA.

41. Mr. Dowdy has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

42. Mr. Dowdy hereby incorporates by reference paragraphs 1 through 41 as though previously set out herein.

43. The Defendant was aware that Mr. Dowdy had an FMLA qualifying injury/event.

44. The Defendant was aware that Mr. Dowdy was missing work due to a disability.

45. The Defendant failed to offer Mr. Dowdy benefits under the FMLA.

46. Defendant failed to give Mr. Dowdy proper notice as required under the FMLA.

47. Defendant's termination of Mr. Dowdy was in violation of his rights under the FMLA.

48. Defendant failed to give Mr. Dowdy notice of his rights under the FMLA.

49. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Mr. Dowdy's legal rights under the FMLA.

50. Mr. Dowdy has suffered emotional and economic damages as a result of Defendant's unlawful acts.

## COUNT III

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

51. Mr. Dowdy hereby incorporates by reference paragraphs 1 through 50 as though previously set out herein.

52. Mr. Dowdy sustained work related injuries during his employment with Defendant.

53. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Dowdy lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

54. Defendant intentionally and willfully refused to accommodate Mr. Dowdy's disability caused by his work injury and failed to allow him to return to his employment in retaliation for him seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

55. Defendant's actions were intentional, willful and in reckless disregard of Ms. Dowdy's rights under Indiana Law.

56. Mr. Dowdy has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT IV

## AGE DISCRIMINATION

57. Mr. Dowdy hereby incorporates by reference paragraphs 1 through 56 as though previously set out herein.

58. Mr. Dowdy is a man over the age of forty.

59. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Dowdy's age.

60. Defendant intentionally and willfully discriminated against Mr. Dowdy because of his age. Similarly situated younger individuals were treated more favorably in the terms, privileges and conditions of their employment.

61. Defendant's actions were intentional, willful and in reckless disregard of Mr. Dowdy's rights as protected by the ADEA.

62. Mr. Dowdy has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Dowdy, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Dowdy his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Dowdy all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Dowdy all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Dowdy, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:


/s/ Heather R. Falks

Heather R. Falks 29907-41
David W. Stewart
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff